IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **SEAN COX** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:14-CV-01751 |
| v. ) | |
| ) | |
| **COLLECTO INC., d/b/a EOS CCA** ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Serve at: ) | |
| CT Corporation System ) | |
| 120 South Central Avenue ) | |
| Clayton, Missouri 63105 ) | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, and for his Class Action Complaint states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

### PARTIES

3. Plaintiff is a natural person currently residing in Hazelwood, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

4. Defendant is a Massachusetts corporation with its principal place of business located in Norwell, Massachusetts. The principal business purpose of Defendant is the

1

collection of debts in Illinois and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6).*

## FACTS

6. On or about April 8, 2014, Defendant sent Plaintiff a collection letter for a debt owed to an original creditor, AT&T. **Exhibit 1.**

7. The debt at issue had been purchased by US Asset Management.

8. According to the Defendant's website, US Asset Management is a subsidiary of Collecto Inc, d/b/a EOS CCA, collecting over $1billion in receivables.

9. In that collection letter, Defendant states Plaintiff owes a collection fee of $71.55 in addition to the debt owed to AT&T. Defendant also states there is interest accrued in the amount of $130.56. Defendant is trying to collect a grand total of $599.60.

10. Upon information and belief, Defendant's collection of penalties and interest comprising almost thirty-four percent (34%) of Plaintiff's alleged debt is not authorized by any agreement between Plaintiff and her original creditor.

11. Defendant's letters stating that interest and penalties that would accrue if Plaintiff did not pay by the 4/30/14 date were false, deceptive, and designed to coerce Plaintiff into pay the debt.

12. Specifically, the letters sent out by Defendant are in violation of 15 USC § 1692 (f)1 because there is no contract language that would allow the Defendant to collect interest on AT&T debts.

13. To the best of his knowledge, Plaintiff is not aware of any contractual provision that would give rise to interest charges being sought by Defendant.

## CLASS ALLEGATIONS

14. Upon information and belief, it is Defendant's routine practice to violate the FDCPA by attempting to collect interest charges on AT&T debts without the legal right to do so.

15. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class consists of the following persons:

16. FDCPA class: all residents of Missouri and Illinois who within one year of April 8, 2014 that received a communication wherein Defendant was trying to collect interest charges on a debt owed to AT&T.

17. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's and Plaintiff's counsel's research regarding consumer complaints, Defendant is a high volume debt collector that attempts to collect many thousands of consumer debts throughout Missouri, Illinois and the United States.

18. Upon information and belief, Defendant has engaged in the improper collection communications described above with thousands of consumers.

19. Plaintiff is a member of the class he seeks to represent.

20. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

21. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent him from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and he will vigorously pursue the class claims throughout the course of this action.

22. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the

same questions of law and involve the same methods of collection and telephone contact by the Defendants.

23. Most, if not all, the facts needed to determine damages are obtainable from the Defendants' records.

24. The purposes of the FDCPA will be best effectuated by a class action.

25. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

26. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

27. Many, if not all, class members are unaware that claims exist against the Defendant. There will be no unusual difficulty in the management of this action as a class action.

28. Four common questions of law and fact predominate over all individual questions in this action. The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant has sought to collect from class members constitute "consumer debt" under the FDCPA; (3) whether Defendant attempting to collect interest charges on AT&T debt when they have no legal right to do so.

29. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

30. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

31. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculable and ascertainable.

## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

33. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a. Attempting to collect a collection fees and interest charges that Defendant is not authorized to collect. 15 U.S.C. § 1692f(1);

b. Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff. 15 U.S.C. § 1692d.

c. Using false, deceptive, or misleading representation or means in connection with the debt collection. 15 U.S.C. § 1692e and e(10).

d. Collection of an amount not authorized by law or by the agreement with Plaintiff's original creditor. 15 USC 1692f.

e. Providing a communication that gives false impression about the character, amount or legal status of the debt. 15 U.S.C. § 1692e(2).

f. Threatening to take action that cannot legally be taken. 15 U.S.C. § 1692e(5).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E. For such other relief as the Court may deem just and proper.

**THE EASON LAW FIRM, LLC**

s/ James W. Eason
_____
**JAMES W. EASON, #6281329**
**The Eason Law Firm, LLC**
**124 Gay Avenue, Suite 200**
**St. Louis, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:     (314) 667-3161**
**Email: james.w.eason@gmail.com**